**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MIGUEL ZAVALA GARCIA,

Defendant-Appellant.

No. 11-7057
(D.C. No. 6:10-CR-00086-RAW-1)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **TYMKOVICH** and **HOLMES**, Circuit Judges.

---

Miguel Zavala Garcia appeals from the district court's order reversing the magistrate judge's order of conditional release and ordering him to be detained pending trial. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Garcia and five other co-defendants have been charged with conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The Eastern District of Oklahoma issued a warrant for Mr. Garcia's arrest in December 2010.

Mr. Garcia was arrested in Bakersfield, California in June 2011. He initially appeared in the Eastern District of California. A magistrate judge conducted an identity and detention hearing. There is no transcript in the record of these proceedings, but the minute entry on the docket reflects that defense counsel argued for Mr. Garcia's release, to which the government objected. Neither party presented any witnesses. At the end of the hearing, the magistrate judge ordered Mr. Garcia released on the conditions recommended by Pre-trial Services, which included posting a $100,000 property bond and surrendering his passport. The government filed a motion in district court pursuant to 18 U.S.C. § 3145 requesting that the release order be reviewed and reversed.

Mr. Garcia was transferred to the Eastern District of Oklahoma, and the parties appeared before the district court for a hearing on the government's motion. At the outset of the hearing, the district court indicated it was ready to accept argument or any testimony or exhibits the parties wished to present. The government noted it had requested information presented by government counsel

at the prior hearing and was told that counsel had relied solely on the presumption.[1]  Aplt. App. at 4.  The government confirmed for the court that there was "no evidence, no transcripts, no recording" from the prior hearing for the district court to review.  *Id*.  The government stated it would like to call an agent to testify about the case, "[i]n light of the fact that there was no evidence presented in the detention hearing in California."  *Id*.  Mr. Garcia did not object.

Agent Brian Epps from the Drug Enforcement Administration testified for the government.  Mr. Garcia then called his own witness, Rene Garcia, Mr. Garcia's thirty-three year old nephew.  After the witnesses testified, each party had an opportunity to make a closing argument.  The court then took a recess to consider the testimony and arguments.

In its ruling from the bench, the district court set forth the presumption of detention in § 3142(e) and concluded that defendant had failed to rebut the presumption.  In reaching this conclusion, the district court noted that Mr. Garcia had not explained why federal agents in California could not locate him from December 2010, when the arrest warrant was issued, until June 2011.  The district

---

[1]      Where there is probable cause to believe the defendant has committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," a presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3)(A).  Once the government invokes this presumption, the defendant bears the burden of producing evidence to rebut the presumption.  *See United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991).

court noted also the presence of firearms in Mr. Garcia's home, and found this to be significant when combined with the allegations in the indictment about the amount of methamphetamine and Mr. Garcia's alleged ties to Mexico. Accordingly, the district court ordered Mr. Garcia detained pending trial. The court entered a written order memorializing its oral ruling and reversing the magistrate judge's release order. Mr. Garcia now appeals.

## II.  Discussion

Mr. Garcia raises one issue on appeal.  He contends that the district court erred by permitting the government to introduce evidence at the review hearing in Oklahoma when the government did not do so at the original detention hearing before the magistrate judge in California.[2]  Because Mr. Garcia did not object to the government's introduction of the evidence in the district court, our review is for plain error.  *See United States v. Hasan*, 526 F.3d 653, 660-61 (10th Cir. 2008) ("[W]hen a party fails to preserve an issue before the district court, our review is more circumscribed, limited to ascertaining whether the error charged on appeal qualifies as plain error.").

To prevail on appeal, Mr. Garcia must show "(1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously

---

[2]    We note that Mr. Garcia does not seek review of the district court's determination that he failed to rebut the presumption of detention in § 3142(e), and therefore he should be detained pending trial.  Accordingly, we will not review the merits of the district court's detention decision.

affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Taylor*, 514 F.3d 1092, 1100 (10th Cir. 2008). Because Mr. Garcia cannot show that the district court erred by considering new evidence at the review hearing in Oklahoma, we affirm the district court's decision.

First, we note, that equity does not favor Mr. Garcia in this appeal. As the government points out, "[i]t is disingenuous for Mr. Garcia to argue that the district court erred in allowing the United States to present new evidence at the [Oklahoma review] hearing when Mr. Garcia himself produced a new witness at that hearing." Aplee. Resp. Br. at 18. We agree with the government, however, that we need not decide this appeal on equitable principles because Mr. Garcia's legal argument fails.

Mr. Garcia argues that the district court erred in allowing the government to put on new evidence at the review hearing in Oklahoma when that evidence was available but not used at the original detention hearing in California. In support, he relies on two district court cases and a First Circuit case. In all of those cases, the defendants were attempting to reopen their detention hearings pursuant to 18 U.S.C. § 3142(f). *See United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *United States v. Ward*, 235 F. Supp. 2d 1183, 1185 (N.D. Okla. 2002); *United States v. Flores*, 856 F. Supp. 1400, 1405 (E.D. Cal. 1994). Under that section, a detention hearing may only be reopened

"if the judicial officer finds that information exists that was not known to the movant at the time of the hearing." 18 U.S.C. § 1342(f).

Mr. Garcia's cases are distinguishable from this case, however, because the government did not move to reopen the original detention hearing pursuant to § 3142(f). Instead, the government sought review and revocation of the magistrate judge's order pursuant to § 3145. *See* Aplee. Supp. App. at 42. That section provides: "If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order . . . ." 18 U.S.C. § 3145(a)(1).

In *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003), the defendant challenged the New Mexico district court's reconsideration of a release order entered by a magistrate judge in Arizona. As part of our analysis, we examined the differences between § 3142(f) and § 3145 because it was unclear what section the government was utilizing to seek reconsideration of the release order. As is relevant here, we noted that a motion to reopen under § 3142(f) requires the existence of new evidence that was unavailable at the original detention hearing. *Id.* But we explained that "unlike § 3142(f), § 3145 does not require that new information be available before a release or detention order can be reconsidered and revoked." *Id.* We ultimately concluded that § 3145(a) was

-6-

the appropriate basis for the government's motion, *id.* at 615, and that the New Mexico district court had authority under that section to review and revoke the Arizona release order, *id.* at 616.

Although *Cisneros* did not address directly the issue in this appeal, it presents a factually similar circumstance involving similar issues of what procedure is proper for a review of a magistrate judge's order. In discussing the New Mexico district court's de novo review of the Arizona magistrate judge's release order, we commented favorably on the same procedure that the district court judge employed in this case, noting that in addition to "consider[ing] the evidence submitted during the Arizona hearing, [the district court judge] also held her own hearing to consider new evidence from the parties, as was her prerogative." *Id.* at 617.

On de novo review of a magistrate judge's order, the district court is charged with making "an independent determination of the proper pretrial detention or conditions for release." *Id.* at 616 n.1 (quotation omitted). *Cisneros* supports the district court's decision to allow the government *and* Mr. Garcia to introduce additional evidence at the Oklahoma hearing on the government's motion to revoke the magistrate judge's release order, especially given the limited record from the original hearing. Mr. Garcia has offered no authority to the contrary, and his § 3142(f) authority is distinguishable from the circumstances in this case.

Because Mr. Garcia has not established that the district court erred in receiving new evidence during its review of the release order under § 3145, he fails to meet even the first element of plain error review. Accordingly, we affirm the district court's decision.

Entered for the Court
Per Curiam