FILED
United States Court of Appeals
Tenth Circuit

July 8, 2019

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JERRY DOBY,

     Defendant - Appellant.

No. 19-3031

---

**Appeal from the United States District Court
for the District of Kansas
(D.C. No. 5:18-CR-40057-HLT-1)**

---

Daniel T. Hansmeier, Appellate Chief (Melody Brannon, Federal Public Defender, and Carl Folsom, III, with him on the briefs), Office of the Kansas Federal Public Defender, Kansas City, Kansas, for Defendant-Appellant.

James A. Brown, Assistant United States Attorney (Stephen R. McAllister, United States Attorney, and Christine E. Kenney, Assistant United States Attorney, with him on the briefs), Office of the United States Attorney, Topeka, Kansas, for Plaintiff-Appellee.

---

Before **HARTZ**, **HOLMES**, and **PHILLIPS**, Circuit Judges.

---

**HOLMES**, Circuit Judge.

---

In this appeal, Defendant-Appellant Jerry Doby challenges the district court's denial of his motion under 18 U.S.C. § 3145(a)(2) and 18 U.S.C. § 3142(c)(3) seeking vacatur of pretrial release conditions imposed by a magistrate judge. The district court denied the motion as not properly before the court under these provisions (and also denied the motion as improper under 18 U.S.C. § 3142(f), which Mr. Doby did not rely on in his motion). The district court ruled, among other things, that Mr. Doby's motion was improper under § 3145(a)(2) because Mr. Doby had not complied with the time limit for objections set forth in Federal Rule of Criminal Procedure 59(a) ("Rule 59(a)").

Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further proceedings. We agree with Mr. Doby that the district court erred in applying Rule 59(a)'s framework to a motion under § 3145(a)(2). Because this is a sufficient basis, standing alone, upon which to reverse and remand, we do not reach Mr. Doby's other arguments.

## I

In June 2018, Mr. Doby was charged with one count of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). A detention hearing was held in July 2018, and a magistrate judge imposed conditions of pretrial release, including a curfew, location monitoring, and monitoring of Mr. Doby's computer use. He did not object to those conditions at that time.

In September 2018, the Probation Office petitioned to modify other pretrial release conditions, and, after a hearing, a magistrate judge modified Mr. Doby's release conditions upon the parties' stipulation. The magistrate judge's order did not identify the legal authority under which he modified the conditions. At that time, Mr. Doby still did not challenge the conditions now at issue.

In November 2018, Mr. Doby moved to vacate the curfew, location monitoring, and computer monitoring conditions as unconstitutional. He did not address the motion to a specific judge or invoke a specific tier of decisionmaking—that is, he did not direct his motion to the district court or a magistrate judge. Instead, he simply addressed it, generically, to "the [c]ourt" or "this [c]ourt." *See, e.g.*, Aplt.'s App. at 9, 42 (Mot. to Modify Conditions, dated Nov. 7, 2018).

Mr. Doby's motion was made under two statutes. One was § 3145(a)(2), which provides that a person ordered released by a magistrate judge may file, "with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release," and that such a motion "shall be determined promptly." 18 U.S.C. § 3145(a)(2). The other was § 3142(c)(3), which states that "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3).

3

The government responded, conceding that the computer monitoring condition was unnecessary but opposing on the merits the vacatur of the curfew and location monitoring conditions. In a single sentence at the very end of the "Conclusion" section of its response, with no accompanying citations to legal authority, the government also stated that Mr. Doby "did not object to the condition at the time it was imposed, *did not timely challenge the magistrate judge's order*, and failed to raise any new basis to revisit his release order." Aplt.'s App. at 57 (Resp. in Opp'n, dated Nov. 28, 2018) (emphasis added). Mr. Doby's reply addressed this timeliness argument by contending that § 3145(a)(2) imposes no time limit on a motion to amend and that § 3142(c)(3) specifically states that the judicial officer may amend his order "at any time." *Id.* at 59–60 (Reply to Resp., dated Dec. 7, 2018) (emphasis omitted).

A hearing on the motion was set before the district court.[1] Before the hearing was held, a magistrate judge issued a form order vacating the computer monitoring condition but not mentioning the other two conditions. The form order cited no legal authority for the magistrate judge's action.

---

[1] We have not been provided with a transcript of this hearing or with any argument concerning the events of the hearing. In particular, neither party suggests that the events of the hearing altered the facts underlying the forfeiture-and-plain-error analysis performed *infra*. We thus analyze the issues in this appeal as though Mr. Doby's motion was decided solely on the papers.

4

The district court later denied Mr. Doby's motion as "not properly before" the court. *Id.* at 71–76 (Mem. & Order, dated Jan. 28, 2019). First, the district court ruled that a request for relief under § 3145(a)(2) is subject to the fourteen-day time limit for objections in Rule 59(a), rendering Mr. Doby's November 2018 motion untimely as to conditions of release imposed in July 2018. The court reasoned that, because Rule 59 was enacted after § 3145(a) was last amended, the "supersession clause" of the Rules Enabling Act, 28 U.S.C. § 2072(b) ("All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."), results in Rule 59(a) predominating over § 3145(a)(2)'s silence regarding the timing of motions filed under it. *See* Aplt.'s App. at 73 & n.1. The district court further observed that, "[d]espite Rule 59's waiver provision," district courts have "discretionary authority" to review "release decisions" of magistrate judges. *Id.* at 73. It declined to exercise that discretion here, however, because Mr. Doby had several opportunities to raise his constitutional arguments earlier (starting with the July 2018 hearing itself) but instead delayed several months with no explanation.

The district court then addressed the purported unavailability of relief under § 3142(f), which Mr. Doby's motion did not cite and which is not directly at issue in this appeal. Finally, the district court dispensed with Mr. Doby's argument regarding § 3142(c)(3) in a footnote, stating that this provision

5

(1) refers to "proceedings before" the judicial officer that imposed release, i.e., the magistrate judge rather than a district judge; (2) specifies only when that judicial officer may *act*, not when the defendant may *move*; and (3) should likely be read "in conjunction with" certain limitations on relief in § 3142(f). *Id.* at 76 n.5. Mr. Doby has timely appealed.

## II

In general, "[w]e apply de novo review to mixed questions of law and fact concerning [a district court's] detention or release decision, but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003); *accord United States v. Deppish*, 554 F. App'x 753, 754–55 (10th Cir. 2014) (unpublished) (per curiam) (applying this standard in a case involving pretrial release conditions).

Mr. Doby's arguments concern the interplay between § 3145(a)(2), Rule 59(a), and 28 U.S.C. § 636; the last of these specifically governs the powers and duties of magistrate judges. Aplt.'s Bail Mem. Br. at 10–14. We typically review purely legal issues, like the proper interpretation of these statutes and rules, de novo. *In re Taylor*, 899 F.3d 1126, 1129 (10th Cir. 2018) ("The issue on which we granted leave to appeal is one of statutory interpretation, a question of law we review de novo."); *United States v. Davis*, 339 F.3d 1223, 1229 (10th Cir. 2003)

("Interpretation of the Federal Rules of Criminal Procedure is a legal issue subject to de novo review." (quoting *United States v. Roman-Zarate*, 115 F.3d 778, 781 (10th Cir. 1997))).

Initially, the government unreservedly acknowledged that the issues in this appeal are reviewed de novo. *See* Aplee.'s Bail Mem. Br. at 4. However, in its supplemental briefing, the government now suggests, at the outset, that "no review under any standard is warranted" because Mr. Doby's claim is moot; that, alternatively, Mr. Doby's arguments were initially forfeited because he failed to make them in district court; and that, because he has made no appellate argument for plain-error review, his arguments are effectively waived and should not receive any review—under the plain-error rubric or otherwise. *See* Aplee.'s Suppl. Bail Mem. Br. at 5–6.

We reject the government's arguments. As to "mootness," the government specifically contends that the Rules of Practice and Procedure for the United States District Court for the District of Kansas ("Local Rules") would have permitted Mr. Doby's motion to be rejected as untimely, such that a ruling concerning the provisions he cites would be "merely advisory." *Id.* at 8–11. As we discuss *infra* note 4, the specific rule that the government cites—Local Rule 72.1.4(e)—was not raised or relied on by the government in district court, and it is unclear whether this rule applies here. More fundamentally, though, we agree

with Mr. Doby that the government argues—not for mootness forestalling appellate review—but rather for affirmance *on the merits* on an alternative basis that turns on the operation and effect of the Local Rules. Aplt.'s Reply Bail Mem. Br. at 9; *see also DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1269 (10th Cir. 2018) ("The doctrine of mootness in no way depends on the merits of the plaintiff's contention." (quoting *Keller Tank Servs. II, Inc. v. Comm'r*, 854 F.3d 1178, 1194 (10th Cir. 2017))).

In other words, the government contends that because the district court would have been justified in rejecting Mr. Doby's motion as untimely under Local Rule 72.1.4(e), we need not opine on the (merits) question of whether the court was justified in rejecting the motion (as relevant here) as untimely under Rule 59(a). This sort of argument relates to decisional paths on the merits to dispose of this case; it does not implicate our jurisdiction—i.e., our power to provide relief to Mr. Doby that has "some effect in the real world." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) (quoting *Kan. Judicial Review v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009)). Therefore, we reject the government's mootness contention.

As for the applicability of plain-error review, we conclude that, on this record, Mr. Doby had no meaningful opportunity to make before the district court the arguments he now makes on appeal. *See United States v. Middagh*, 594 F.3d

8

1291, 1295 (10th Cir. 2010) ("When a party had no opportunity to raise the issue, we review it as if it had been presented."); *United States v. Uscanga-Mora*, 562 F.3d 1289, 1294 (10th Cir. 2009) ("[T]he federal rules provide for plain error review only when counsel has been given, but has not taken advantage of, an *opportunity* to voice his or her objection; where no such opportunity was afforded in the district court, our normal standards of review pertain."); *see also United States v. Lewis*, 823 F.3d 1075, 1081 (7th Cir. 2016) ("The foundation for these limits on appellate review [imposed by preservation doctrines like forfeiture or waiver] is that a district judge needs to ensure that parties have a fair and genuine opportunity to raise objections in the district court."); *United States v. Mike*, 632 F.3d 686, 693 (10th Cir. 2011) (declining to apply plain-error standard where "the court first announced [the challenged] conditions in its written judgment, thus[] stripping [the defendant] of an opportunity to object to them").

Notably, the government did not invoke Rule 59(a), a fourteen-day time limit, or any law at all in the single clause of its response concerning the timeliness of Mr. Doby's challenge. Instead, Mr. Doby first got notice that Rule 59(a) and its fourteen-day time limit were to be used against him when the district court entered its order denying his motion. Mr. Doby was not required to object to this component of the district court's ruling to preserve this issue for appeal. *Cf.* FED. R. CRIM. P. 51(a) ("Exceptions to rulings or orders of the court are

9

unnecessary."); *United States v. Madrid*, 633 F.3d 1222, 1228 (10th Cir. 2011) (Kelly, J., concurring) ("Plain and simple, the government was under no obligation to file a motion to reconsider. Neither the federal criminal rules nor the local rules even mention—let alone require—a motion for reconsideration." (citation omitted)). Defense counsel, moreover, need not have independently recognized the applicability of Rule 59(a); indeed, as we rule *infra*, Rule 59(a) should not have been applied to Mr. Doby's motion.

Thus, we reject the government's mootness and plain-error arguments, and we review the legal questions central to this appeal de novo. *See* Aplee.'s Suppl. Bail Mem. Br. at 6 (acknowledging that de novo review applies if Mr. Doby's arguments are not moot and preserved).

## III

On the merits, Mr. Doby argues that a magistrate judge's role in issuing pretrial release or detention orders is prescribed by § 636(a) and that role is not controlled by Rule 59(a)'s provisions. Instead, only those powers and duties eligible for referral under § 636(b) are subject to Rule 59(a). We agree.

At the heart of this appeal is the proper interpretation of § 636, which governs the powers and duties of magistrate judges. As relevant here, § 636(a) lists several "powers" and "duties" that magistrate judges "shall have" within their districts; these include "the power to . . . issue orders pursuant to [18 U.S.C.

10

§ 3142] concerning release or detention of persons pending trial."  28 U.S.C. § 636(a)(2).

On the other hand, § 636(b) sets forth procedures by which magistrate judges "may" be "designate[d]" to consider certain matters, with their rulings or recommendations subject to district-court review:

> (b)(1) Notwithstanding any provision of law to the contrary–
>
> (A) a judge may *designate* a magistrate judge to hear and determine any pretrial matter pending before the court [with exceptions, omitted here]. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also *designate* a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or

11

> modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (emphases added). Congress added the relevant version of § 636(b) to this statute in 1976. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980); *see also* Act of Oct. 21, 1976, Pub. L. No. 94-577, 90 Stat. 2729, 2729.

Thus, exercising "power" under § 636(a), a magistrate judge may—without need of any district-court designation—impose certain pretrial release conditions on defendants pursuant to § 3142 if release on personal recognizance or an unsecured appearance bond creates a flight risk or threatens safety. *See* 18 U.S.C. § 3142(c). The Bail Reform Act of 1984, which enacted in part the language codified in § 3142, permits a defendant to challenge those conditions before the district court under § 3145(a). Under that provision, entitled "Review of a release order," a person ordered released by a magistrate judge may file "a motion for amendment of the conditions of release" with "the court having original jurisdiction over the offense." *Id.* § 3145(a)(2). This provision does not itself set a time limit for filing such a "motion," although it states that the motion "shall be determined [by the court] promptly." *Id.* By contrast, other provisions of the Bail Reform Act include time limits for different purposes. *See, e.g.*, 18 U.S.C. § 3142(d) (limiting temporary detention to ten days); *id.* § 3142(f)(2)(B) (delimiting period in which detention hearing must be held).

12

The district court found, however, that the fourteen-day time limit of Rule 59(a) was applicable here. This provision, entitled "Nondispositive Matters," states:

> A district judge may *refer to a magistrate judge for determination* any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to review.

FED. R. CRIM. P. 59(a) (emphasis added). Notably, the portion of Rule 59(a) italicized *supra* makes "refer[ral]" by a district judge an essential antecedent to the operation of its framework. Indeed, although Rule 59 is broadly entitled "Matters Before a Magistrate Judge," such referral is contemplated throughout the rule. In this regard, Rule 59(b), entitled "Dispositive Matters," similarly states that a district judge may "refer to a magistrate judge for recommendation" a dispositive matter, with parties having the opportunity to object and receive district-court review. FED. R. CRIM. P. 59(b).

An advisory committee's note accompanying the 2005 adoption of Rule 59 provides additional insight into the rule's scope. *See United States v. Jones*, 818

13

F.3d 1091, 1100 n.6 (10th Cir. 2016) (observing that "[c]ourts give weight to the advisory committee notes unless they contradict the plain language of the rule"). Particularly, the portion of that note addressing Rule 59(a) reinforces the idea that Rule 59(a)'s framework is premised wholly on referral and, indeed, is intended to incorporate or mirror the "designat[ion]" framework laid out in § 636(b):

> Rule 59(a) sets out procedures to be used in reviewing nondispositive matters, that is, those matters that do not dispose of the case. The rule requires that *if the district judge has referred a matter to a magistrate judge*, the magistrate judge must issue an oral or written order on the record. To preserve the issue for further review, a party must object to that order within 10 days[2] after being served with a copy of the order or after the oral order is stated on the record or at some other time set by the court. If an objection is made, the district court is required to consider the objection. If the court determines that the magistrate judge's order, or a portion of the order, is contrary to law or is clearly erroneous, the court must set aside the order, or the affected part of the order. *See also* 28 U.S.C. § 636(b)(1)(A).

FED. R. CRIM. P. 59, advisory committee's note to 2005 amendment (emphasis added).

The same advisory committee's note states that Rule 59 is "derived in part from Federal Rule of Civil Procedure 72." *Id.* That rule similarly distinguishes between "nondispositive" and "dispositive" matters. And, notably, its own

---

[2] This rule was amended in 2009 to provide for a fourteen-day time limit. *See* FED. R. CRIM. P. 59, advisory committee's note to 2009 amendment.

14

advisory committee's notes expressly state that the two provisions of the rule are meant to address "court-ordered referrals" of matters under § 636(b), i.e., under § 636(b)(1)(A) (for nondispositive matters) and § 636(b)(1)(B) (for dispositive matters). FED. R. CIV. P. 72, advisory committee's note to 1983 amendment.

In light of the foregoing, Mr. Doby argues that the district court improperly applied Rule 59(a) to his motion. This rule applies only to matters "refer[red] to" a magistrate judge. And, particularly in light of the text of the rule's 2005 advisory committee's note and Federal Rule of Civil Procedure 72 (and its notes), Mr. Doby concludes that this "refer to" phrase means matters "designated" under § 636(b), not powers falling under § 636(a). Aplt.'s Bail Mem. Br. at 10–11. And there was no such referral or designation here; instead, the magistrate judge acted pursuant to powers granted by § 636(a). Moreover, as Mr. Doby points out, § 3145(a)(2) contains no express time limit for filing a motion under its ambit, even though Congress showed elsewhere in the Bail Reform Act that it *can* set time limits for certain actions and *did* provide that a motion under § 3145 shall be *determined* "promptly." *Id.* at 10.

We are persuaded by the foregoing reasoning of Mr. Doby. The text of Rule 59(a)—indeed, the text of both provisions of Rule 59—states that the rule applies to matters that "may" be "refer[red] to" a magistrate judge by a district judge. FED. R. CRIM. P. 59(a) & (b). This implicates the "may designate"

15

language of § 636(b), but it bears no resemblance to § 636(a)'s description of the "powers" and "duties" that a magistrate judge "shall have."  It is true that Rule 59(a) says that referral can encompass "any matter that does not dispose of a charge or defense," while § 636(b)(1) states that, "[n]otwithstanding any provision of law to the contrary," a district judge may "designate" a magistrate judge to hear "any pretrial matter" (with exceptions not relevant here).  However, it would not be reasonable to include among those "matters" that "may" be referred to a magistrate judge, or designated for such a judge, the "powers" and "duties" that a magistrate judge already "shall have" under § 636(a).

Rule 59's advisory committee's notes, as well as Federal Rule of Civil Procedure 72 and its advisory committee's notes, lend additional support to our reading.  In particular, they suggest that Rule 59 is meant to be read in harmony with—and not to supersede or modify—the distinctions drawn in § 636.  Even the government acknowledges that Mr. Doby has offered a "plausible interpretation of the scope of Rule 59(a)."  Aplee.'s Suppl. Bail Mem. Br. at 12.  And, although it suggests that the reading is not "clear[]" or "obvious[]" and that "other courts have rejected it," it does not say which ones or cite any cases grappling specifically with Mr. Doby's argument under § 636.[3]  *Id.*

---

[3]     We note that cases like *United States v. Tooze*, 236 F.R.D. 442 (D. Ariz. 2006), which held that Rule 59(a)'s time limit applied to § 3145(a) via the

(continued...)

The government contends that the "better interpretation" of Rule 59(a) applies this provision to *all* nondispositive matters ruled on by a magistrate judge. *Id.* In its view, the "referral" language in Rule 59(a) "does not facially limit the scope of" the rule to designated matters, but instead "speaks only to a district judge's authority to refer a nondispositive matter to a magistrate judge." *Id.* Instead, the government believes that the only language limiting Rule 59(a) is its heading—"Nondispositive Matters," which encompasses imposition of pretrial release conditions. *Id.*

We reject this argument. As we observed *supra*, both the text of the provision and the advisory committee's notes make clear that the operation of Rule 59(a) is premised upon the referral of a matter to a magistrate judge by a district judge, consistent with § 636(b)—but not with § 636(a). *Compare* FED. R. CRIM. P. 59(a) ("A district judge may *refer to* a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on

---

[3](...continued)
"supersession clause," did not analyze § 636. *Id.* at 444–45; *see also United States v. Bell*, No. SACR 08–00087–MMM, 2008 WL 11411709, at *1 & n.2 (C.D. Cal. June 6, 2008) (unpublished); *United States v. Curtis*, No. 3:07-cr-59-WHB, 2007 WL 3124610, at *1 (S.D. Miss. Oct. 25, 2007) (unpublished). Relatedly, the district court did not apply *Tooze* and its progeny to § 636, nor does the government now make a supersession argument concerning § 636.

the record an oral or written order stating the determination. . . . " (emphasis added)), *with* FED. R. CRIM. P. 59, advisory committee's note to 2005 amendment ("Rule 59(a) sets out procedures to be used in reviewing nondispositive matters, that is, those matters that do not dispose of the case. The rule requires that if the district judge has *referred a matter to a magistrate judge*, the magistrate judge must issue an oral or written order on the record. . . . " (emphasis added)). The title of Rule 59(a) does not much inform our analysis in light of the clear thrust of the text. *See Bhd. of R.R. Trainmen v. Baltimore & O.R. Co.*, 331 U.S. 519, 528–29 (1947) (stating that headings and titles are "tools available for the resolution of a doubt" but they "cannot undo or limit that which the text makes plain"). Moreover, the use of the words "Nondispositive Matters" as Rule 59(a)'s title does not tell us whether *all* nondispositive matters fall within its scope.[4]

---

[4] The government also makes arguments based on the Local Rules, which, in its view, *do* designate the determination of *all* nondispositive matters in criminal cases (including § 636(a) matters) to magistrate judges. *See* Aplee.'s Suppl. Bail Mem. Br. at 13–14. As Mr. Doby observes, however, the Local Rules were not advanced by the government in district court or cited in the district court's ruling, nor were they much discussed in the government's initial appellate brief. *See* Aplt.'s Reply Bail Mem. Br. at 5–6; *see also* Aplee.'s Bail Mem. Br. at 5–6 (mentioning one Local Rule). Although we can affirm on alternative grounds if the record is adequately developed, *United States v. Gaines*, 918 F.3d 793, 800 (10th Cir. 2019), the complexity of the issue—including how the Local Rules interact with the federal statutes and procedural rules primarily at issue here—counsels for declining to do so here. *See, e.g.*, *United States v. Leaverton*, 895 F.3d 1251, 1258 n.3 (10th Cir. 2018) (declining to consider government's alternative argument for affirmance "[g]iven the complexity of the issue").

(continued...)

Furthermore, as Mr. Doby points out, it will often be a "misnomer" to characterize a "motion for amendment of the conditions of release" under § 3145(a) as lodging "objections" to a magistrate judge's order, which Rule 59 contemplates. Aplt.'s Reply Bail Mem. Br. at 13. In this regard, we have ruled that § 3145(a), which has no express time limit for filing motions, allows an amendment of conditions of release (or revocation of release) by the district court based on facts and considerations that were not, and often could not have been, before the magistrate judge when the original order was entered. *See, e.g.*, *Cisneros*, 328 F.3d at 613, 615 (ruling that § 3145(a) was "an appropriate basis" for government motion seeking revocation of release, more than fourteen days after it was ordered, based on information learned by the government subsequent to the detention hearing); *cf. United States v. Garcia*, 445 F. App'x 105, 108–09 (10th Cir. 2011) (unpublished) (per curiam) (ruling that district court did not err in receiving new evidence during review of a release order under § 3145). In such circumstances, the district court's action could not reasonably be viewed as consisting of review of objections to issues that the magistrate judge addressed.

---

[4](...continued)
Indeed, we lack the district court's interpretation of its own local rules. Therefore, we decline to reach the government's alternative arguments for affirmance based on the Local Rules.

19

That is because those issues would not have emerged at the time of the magistrate judge's decision.

We also reject the government's invitation to deem any error here harmless in light of the district court's decision not to "exercise its discretion" to consider Mr. Doby's motion. Aplee.'s Suppl. Bail Mem. Br. at 16–17. The district court declined to exercise its discretion to consider Mr. Doby's motion, "[d]espite Rule 59's waiver provision." Aplt.'s App. at 73. Significantly, the district court's express reference to Rule 59 immediately preceding its decision not to exercise its discretion demonstrates that the court situated its analysis regarding discretion within Rule 59's framework. But, as we have demonstrated, applying this framework was error. The government gives no compelling reason to believe that the court's discretionary analysis would have been identical or similar had § 3145(a)(2) been properly applied, without reference to Rule 59, nor has the government shown that Mr. Doby's prior opportunities to make his arguments *could* properly be held against him.

The district court therefore erred in applying Rule 59(a)'s fourteen-day time limit to a motion under § 3145(a)(2). We remand on this basis alone, and we do not consider Mr. Doby's arguments under § 3142(c)(3). We also decline Mr. Doby's invitation to opine, "as a matter of judicial economy," on whether his motion required "proof of the same material change in circumstances" required

20

for a motion under § 3142(f). Aplt.'s Bail Mem. Br. at 17–18. Although the district court's § 3145(a)(2) ruling cited delay in filing, it did not analogize such a motion to one under § 3142(f) or state that a § 3145(a)(2) motion required "the same material change in circumstances" as one under § 3142(f). *Compare* Aplt.'s App. at 76 n.5 (suggesting that § 3142(c) "should be read in conjunction with" § 3142(f)'s limitations), *with id.* at 72–74 (not mentioning § 3142(f) in analyzing § 3145(a)(2) issues). On remand, in resolving Mr. Doby's request for relief, to the extent necessary or appropriate, the district court is free to consider these other statutory arguments, as well as any other arguments predicated on the federal procedural rules or Local Rules, that are not inconsistent with this opinion.

## IV

For the foregoing reasons, we **REVERSE** the district court's order and **REMAND** for further proceedings.

21