**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER JOSEPH EADS,

    Defendant - Appellant.

No. 20-8062
(D.C. No. 1:17-CR-00172-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Christopher Eads, proceeding pro se,[1] appeals the district court's order authorizing payment of restitution from his inmate trust account. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the order and remand.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Eads is pro se, we construe his filings liberally, but we do not act as his advocate. _See Yang v. Archuleta_, 525 F.3d 925, 927 n.1 (10th Cir. 2008). He is subject to the same procedural rules governing other litigants. _See United States v. Green_, 886 F.3d 1300, 1307-08 (10th Cir. 2018).

## I. BACKGROUND

### A. *Legal Background on Restitution*

When ordering restitution, a court must determine not only the "amount of restitution owed," but also "the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2).[2] Under § 3664(k), in the event of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," the court may "adjust the payment schedule" for the restitution "or require immediate payment in full." *Id.* § 3664(k). Similarly, "[i]f a person obligated to provide restitution . . . receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." *Id.* § 3664(n).

Under § 3613(c), an "order of restitution" functions as "a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax." *Id.* § 3613(c).

### B. *Factual and Procedural History*

In 2018, Mr. Eads pled guilty to: (1) conspiracy to distribute heroin and methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B), and

---

[2] A sentencing court does "not possess inherent power to order restitution, and instead require[s] express congressional authority to award restitution." *United States v. Allen*, 983 F.3d 463, 472 (10th Cir. 2020).

(b)(1)(C); (2) carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2119 and 2; (3) carjacking, in violation of 18 U.S.C. § 2119; (4) assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1) and (b); (5) use and carry of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (6) discharge of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

The district court sentenced Mr. Eads to (1) 120 months of imprisonment, concurrent, on each of the first four offenses; (2) 60 months, consecutive, on the use-and-carry offense; and (3) 300 months, consecutive, on the discharge offense. The district court also required Mr. Eads to pay $99,741.44 in restitution—$7,278.35 to be paid jointly and severally with a co-defendant and $92,463.09 to be paid severally. The court also ordered payment of $600 in special assessments.

The judgment states the financial penalty was "due immediately." Suppl. App. at 34. But the district court also ordered Mr. Eads to participate in the "Inmate Financial Responsibility Program" and adhere to a payment schedule of "at least $25 per quarter." *See id.* at 36.

The Government states that in October 2020, it "was informed that Eads had substantial funds in his inmate trust account maintained by the Bureau of Prisons

('BOP')," in the amount of $1,457.47.  *See* Aplee. Br. at 2.[3]  It also reports that at that time, Mr. Eads's outstanding balance to be paid on his financial penalties was nearly $99,000.

On October 21, 2020, the Government moved the district court, under 18 U.S.C. §§ 3613 and 3664, to order the BOP to remit Mr. Eads's trust account balance to the court clerk so the funds could be used for his restitution payment.  The Government certified that it served a copy of the motion on Mr. Eads at his prison address "by depositing [it] with the United States Postal Service, first-class postage prepaid."  *See* Suppl. App. at 42.

On October 22, 2020, the district court, without having received a response from Mr. Eads,[4] granted the Government's motion, but only in the amount of $1,200.

## II.  **DISCUSSION**

Mr. Eads contests the district court's order authorizing payment from his inmate trust account.  He argues that "there [was] no set of circumstances warranting a deviation from the court's sentencing restitution instructions" because "there was no material change in [his] economic circumstances."  *See* Aplt. Br. at 9 n.1.  Mr. Eads also argues

---

[3] "The purpose of individual inmate commissary accounts is to allow the [BOP] to maintain inmates' monies while they are incarcerated.  Family, friends, or other sources may deposit funds into these accounts."  28 C.F.R. § 506.1.

[4] The Government "recognizes that the district court issued its order . . . before Eads would have likely been able to respond to the motion."  Aplee. Br. at 7.

that "he did not suddenly receive a 'windfall' or 'substantial resources,'" and thus his funds fall outside the scope of § 3664(n). *See id.*

Because the district court has not addressed these arguments, *see* Suppl. App. at 43, Mr. Eads requests that we "suspend the instant appeal and return jurisdiction to the district court," *see* Aplt. Reply Br. at 6. We agree with this request and remand.[5] We decline to address such issues in the first instance without having the benefit of the district court's consideration. *See United States v. Zander*, 794 F.3d 1220, 1234 (10th Cir. 2015) (stating as to a restitution order that "[w]e will not attempt to resolve these disputed, fact-intensive questions for the first time on appeal, but rather leave these questions for the district court to decide in the first instance on remand").[6]

---

[5] The Government argues that "[i]f Eads actually had a reasonable basis to object to the order, he should have presented it to the district court by virtue of a motion for reconsideration." Aplee. Br. at 7. But lack of a motion to reconsider does not preclude Mr. Eads from arguing here that the district court should not have ruled without hearing from him. *See United States v. Doby*, 928 F.3d 1199, 1203-04 (10th Cir. 2019) ("Plain and simple, the government was under no obligation to file a motion to reconsider. Neither the federal criminal rules nor the local rules even mention—let alone require—a motion for reconsideration." (quotation omitted)). Mr. Eads understood that "motions [to] reconsider[] in criminal cases are not grounded in a rule or statute," Aplt. Reply Br. at 3 (quoting *United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011)).

[6] "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

## III.  **CONCLUSION**

We vacate the district court's order and remand the matter to the district court for further proceedings consistent with this order and judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge