UNITED STATES of America,
Plaintiff–Appellant,

v.

Algie KING, Defendant–Appellee.

No. 92–2004.

United States Court of Appeals,
Tenth Circuit.

Nov. 13, 1992.

Stephen R. Kotz, Asst. U.S. Atty. (Don J. Svet, U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellant.

Jeffrey J. Buckels, Albuquerque, N.M., for defendant-appellee.

Before LOGAN, HOLLOWAY and BARRETT, Circuit Judges.

LOGAN, Circuit Judge.

■ The only issue in this appeal is whether a New Mexico state conviction for conspiracy to commit a violent felony is a conviction of a violent felony for purposes of the sentence enhancement provisions of 18 U.S.C. § 924(e). We hold that it is not, and therefore affirm the district court's judgment to that effect.

After a jury trial, defendant Algie King was convicted of being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Section 924(e)(1) of the same title provides for a mandatory enhanced penalty of not less than fifteen years imprisonment for defendant if he "has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another." In this case, defendant's criminal history included New Mexico state court convictions for involuntary manslaughter and for aggravated battery, both conceded to be "violent felonies," and for conspiracy to commit armed robbery.[1] The district court refused to ac-

---

1. Defendant had another conviction for robbery    in Tennessee in 1955. The district court refused

cord the conspiracy conviction "violent felony" status for purposes of § 924(e), finding that the elements required to prove a conspiracy in New Mexico—that the defendant and another person agreed together to commit an offense and that they intended to commit that offense—did not meet the statutory definition. *See* N.M. Unif. Jury Instr.—Criminal, No. 14–2810 (Michie 1986). The government has appealed.

■ The definition of "violent felony" for purposes of 18 U.S.C. § 924 is as follows:

[T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ... that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

*Id.* § 924(e)(2)(B). Because the issue is one of statutory interpretation, we review the district court's judgment de novo. *United States v. Maines*, 920 F.2d 1525, 1527 n. 4 (10th Cir.1990), *cert. denied,* — U.S. —, 112 S.Ct. 263, 116 L.Ed.2d 216 (1991). For purposes of § 924(e), the courts do not inquire into the particular factual circumstances surrounding the past offenses. We look "only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990). This formal categorical approach was mandated by the Supreme Court to avoid "the practical difficulties and potential unfairness of a factual approach" to each prior conviction. *Id.* at 601, 110 S.Ct. at 2159.

The only appellate decision to have considered a conspiracy conviction under § 924(e)(2)(B) is *United States v. Preston*, 910 F.2d 81 (3d Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1002, 112 L.Ed.2d 1085 (1991). There the court ruled that the de-

fendant's Pennsylvania state court conviction for conspiracy to commit robbery was indeed a "violent felony" under § 924(e) for sentence enhancement purposes. The court reasoned that "Pennsylvania law requires that the crime that was the object of the conspiracy be defined for the jury. Thus, the elements of criminal conspiracy to commit robbery ... subsume the elements of robbery, which is a violent felony for purposes of § 924(e)." *Id.* at 86 (footnote omitted). The court held that a conviction for conspiracy to commit a violent felony fell within the first of the two alternative definitions: that it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Although the Third Circuit's interpretation may be proper under Pennsylvania law, we think that it is not a proper construction as applied to New Mexico law.

To convict a defendant of conspiracy in New Mexico, the state must prove that the defendant and another person agreed together to commit a felony and that they intended to commit the felony. Although the crime forming the basis of the conspiracy must be explained to the jury, New Mexico law is clear that "[t]he overt act which constitutes the object of the conspiracy is no part of the crime of conspiracy; indeed, an overt act is not required, but the crime is complete when the felonious agreement is reached." *State v. Leyba*, 93 N.M. 366, 367, 600 P.2d 312, 313 (1979); *see also State v. Jacobs*, 102 N.M. 801, 805, 701 P.2d 400, 404 (1985) ("It makes no difference to the conspiracy charge whether an aggravated burglary was proved or whether that charge was dismissed. The proof required was of an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means."); *State v. Gilbert*, 98 N.M. 77, 81, 644 P.2d 1066, 1070 (1982) ("It is the agreement constituting the conspiracy which the statute punishes."). Consequently, the elements of the felonious object of the conspiracy are not subsumed within the elements of the con-

to consider this conviction for purposes of sentence enhancement, finding it to have been un-

counseled and thus unconstitutionally obtained. The United States does not challenge that ruling.

spiracy charge itself. Therefore, if a conspiracy to commit armed robbery is to be deemed a "violent felony" under § 924(e)(2)(B)(i), it must be on the basis of the elements of the conspiracy charge, not the underlying substantive offense.

We thus consider whether a conspiracy charge "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* Clearly neither actual nor attempted use of force is required for conviction under conspiracy law; the object of conspiracy statutes is to make it unnecessary for law enforcement officials to wait for such acts to occur before intervening. Whether the intent to commit a violent felony constitutes a "threatened use of physical force" is more problematic. Read broadly, the formed intent of the conspirators does constitute a inchoate "threat" to both the impending target of the contemplated felony and to society as a whole. In this context, however, "threatened use of physical force" means both an intent to use force and a communication of that intent. *Cf. Black's Law Dictionary* 1480 (6th ed. 1990) (defining "threat" as "[a] communicated intent to inflict physical or other harm on any person or on property"). Because the crime of conspiracy in New Mexico is complete upon the formation of the intent to commit a felony, and does not require that any action be taken on that intent, the elements of a conspiracy to commit a violent felony do not include the threatened use of physical force. We therefore hold that a conspiracy conviction does not qualify as a "violent felony" under the first statutory definition of § 924(e)(2)(B)(i).

The second statutory definition of "violent felony" under § 924(e)(2)(B)(ii) defines it as a felony that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." In *Preston*, the Third Circuit, having determined that conspiracy fell within the subsection (i) definition, did not explicitly reach subsection (ii). In a footnote, however, the court stated that conspiracies to commit violent felonies "would

appear to be included within subsection (ii), because they otherwise involve conduct that presents a serious potential risk of physical injury to another." *Preston,* 910 F.2d at 87 n. 8. Declining to reach the question, the court noted that "Congress may have intended to limit subsection (ii) to property crimes." *Id.* An examination of the history of subsection (ii), however, as summarized by the Supreme Court in *Taylor,* illustrates that the reference to property crimes was added just before passage, and the primary purpose of the subsection was to expand the predicate offenses that could support an enhanced sentence.

▪ The version of subsection (ii) originally reported by the House Committee on the Judiciary read as follows: "(ii) involves conduct that presents a serious potential risk of physical injury to another." *Taylor,* 495 U.S. at 586, 110 S.Ct. at 2152. Only just prior to enactment were the specific references to the property crimes added to the subsection, to make clear their inclusion as predicate offenses. *Id.* at 587, 110 S.Ct. at 2152. Thus, subsection (ii) is not limited to property offenses, but rather includes them along with other violent crimes. We believe the Fourth Circuit was correct in holding that "the catchall, 'otherwise' clause of [subsection (ii)] must be limited in its application to offenses which, as defined, pose *by their very nature* a serious potential risk of injury to another." *United States v. Headspeth,* 852 F.2d 753, 759 (4th Cir.1988).

A strong argument can be made that a conspiracy to commit a violent felony presents a serious *potential* risk of physical injury to another, and is therefore itself a "violent felony" for purposes of 18 U.S.C. § 924(e). Construing 18 U.S.C. § 924(c), providing for an enhanced sentence if the offender used a deadly weapon while committing a "crime of violence," two circuits have determined that a conspiracy to commit such a crime creates a "substantial risk" of violence, and that therefore a conspiracy conviction may form the basis for a sentence enhancement in that context. *United States v. Greer,* 939 F.2d 1076, 1099 (5th Cir.1991), *aff'd in pertinent*

*part,* 968 F.2d 433, 438 (5th Cir.1992) (en banc); *United States v. Chimurenga,* 760 F.2d 400, 403–04 (2d Cir.1985); *see also United States v. Cruz,* 805 F.2d 1464, 1474 n. 11 (11th Cir.1986), *cert. denied,* 481 U.S. 1006, 107 S.Ct. 1631, 95 L.Ed.2d 204 (1987).

Although we have not considered this precise issue previously, we do not write on a clean slate. In *United States v. Strahl,* 958 F.2d 980 (10th Cir.1992), we held that attempted burglary was not a violent felony for purposes of § 924(e). This court rejected an argument that it involved conduct presenting "a serious potential risk of physical injury to another," within the compass of § 924(e)(2)(B)(ii). Following *Taylor*'s categorical approach of focusing upon the statutory elements, rather than the specific conduct underlying the conviction, we stated that attempted burglary convictions could be for conduct that does not involve risk of physical injury; "these offenses do not necessarily present circumstances which create the high risk of violent confrontation inherent in a completed burglary." *Strahl,* 958 F.2d at 986. In so holding, this court cited legislative history of unenacted predecessor bills to that which contained § 924, that had explicitly included attempts to commit burglary as violent felonies. To the extent legislative history is relevant here, we note that those unenacted provisions also included conspiracy as a predicate offense, along with attempts. *Id.* (citing S. 52, 98th Cong., 2d Sess. § 2 (1984) and S. 1688, 97th Cong., 2d Sess. § 2 (1982)). No reference to conspiracy, however, was included in the final version ultimately enacted.

We followed *Strahl* in *United States v. Permenter,* 969 F.2d 911 (10th Cir.1992). Reviewing an argument that the defendant's attempted burglary presented a "serious risk of potential injury" within the meaning of 18 U.S.C. § 924(e)(2)(B)(ii), we stated: "In *Strahl,* however, we did not look beyond the relevant statutory language in discussing Mr. Strahl's prior conviction for attempted burglary in Utah, nor did we remand for further consideration of the attempted burglary conviction." *Id.* at 913. We then refused to go beyond the face of the statute, even to consider the accusations of actual conduct in the information charging the defendant with the attempted burglary crime.

We believe these prior Tenth Circuit cases and the approach they articulate require us to look only to the elements of the conspiracy crime under New Mexico law. Because they "do not necessarily present circumstances which created the high risk of violent confrontation inherent in a completed [armed robbery]," *Strahl,* 958 F.2d at 986, the government's argument must fail under subsection (ii) as well.

AFFIRMED.