UNITED STATES of America,
Plaintiff,

v.

William Kendall WARD, Tim Foreman
and Jeremy Foreman, Defendants.

No. 02–CR–135–H.

United States District Court,
N.D. Oklahoma.

Nov. 14, 2002.

Jack (John B) Schisler, Federal Public Defender's Office, Tulsa, for William Kendall Ward (1), defendant.

Terry Lee Weber, Frank Philip Lockhart, Frazier & Lockhart PC, Tulsa, for Tim Foreman (2), defendant.

Jack E Gordon, Jr, Harris Gordon McMahan Peters & Thompson PC, Tulsa, Monte W Strout, Tahlequah, James H Heslet, Gassaway & Harris, Tulsa, for Jeremy Foreman (3) aka Jeremy Dwight Foreman, defendant.

Scott Woodward, United States Attorney, Tulsa, for U.S. Attorneys.

## ORDER

CLEARY, United States Magistrate Judge.

This matter comes before the Court on Defendant Tim Foreman's Motion for Hearing on the Issue of Detention. [Dkt. # 30] District Judge Sven Erik Holmes referred the motion to the undersigned U.S. Magistrate Judge on November 7, 2002. After reviewing the briefs submitted by the parties and the recording of the Defendant's September 24, 2002, detention hearing, and hearing argument of counsel, considering the proffered evidence and examining the applicable statute and cases, the undersigned concludes that the Defendant's Motion should be **DENIED.**

■ Defendant was named in a Complaint filed September 19, 2002, alleging that he and others conspired to commit an armed robbery of the Arvest Bank in Kansas, Oklahoma, and that Defendant aided and abetted that robbery and an armed carjacking. Defendant's Initial Appearance was held September 20, 2002. Defendant was represented by appointed counsel and requested a hearing on the Government's motion for pretrial detention. Preliminary Examination and Detention Hearing were held on September 24, 2002, before the undersigned U.S. Magistrate Judge. The Government relied on the rebuttable presumption of detention that arises when probable cause is found with respect to certain specified offenses. 18 U.S.C. § 3142(e)(1)-(3). Although Defendant Foreman was charged

chiefly as an aider and abetter of the underlying crimes, this is sufficient to constitute a crime of violence for purposes of the rebuttable presumption. *United States v. Mitchell,* 23 F.3d 1, 3 (1st Cir. 1994) (aiding and abetting a crime of violence is itself a crime of violence). *See also United States v. Brown,* 200 F.3d 700, 706 (10th Cir.1999), *cert. denied,* 528 U.S. 1178, 120 S.Ct. 1213, 145 L.Ed.2d 1114 (2000) (conspiracy to commit carjacking is crime of violence).[1]

At the detention hearing, the Government relied on the testimony of Dana Ward, FBI Special Agent. Defendant proffered testimony of family and friends, but did not call witnesses although several were present in the courtroom, including family and Defendant's pastor. The proffered testimony—largely stipulated to by the Government—established that Defendant was a lifelong resident of his community, employable, married with minor children. As stipulated to, the proffered testimony also indicated that Defendant had no prior criminal history other than an assault and battery charge that was subsequently dismissed and had no record of drug involvement, other than hearsay evidence described in general terms by Agent Ward. Upon consideration of the evidence, the undersigned concluded that Defendant had failed to rebut the statutory presumption that he was a threat to the community and a flight risk. Accordingly, pretrial detention was ordered.

---

1. *Brown* distinguished and clarified *United States v. King,* 979 F.2d 801 (10th Cir.1992). *King* held that a state conviction for conspiracy to commit armed robbery was not a conviction for a violent felony under 18 U.S.C. § 924(e). In *King,* the court applied New Mexico conspiracy law that focused solely on the unlawful agreement and did not require an overt act. Thus, the underlying substantive offense could not be considered. *King,*

979 F.2d at 803. By contrast, in *Brown,* an overt act in furtherance of the conspiracy was an essential element. *Brown,* 200 F.3d at 706. In the instant case, at the September 24, 2002, Detention Hearing, the Government introduced testimony from which the Court could find probable cause that Defendant Foreman had committed overt acts aiding and abetting the underlying substantive crimes.

New counsel now appears for Defendant and seeks to reopen the issue of pretrial detention pursuant to 18 U.S.C. § 3142(f). Under this provision the Judicial Officer before whom the detention hearing was conducted may reopen the hearing if he or she finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Defendant has moved to reopen the issue of detention based on new knowledge that certain witnesses were willing to testify at the detention hearing on behalf of Defendant. As proffered by counsel at a hearing on November 12, 2002, this testimony is similar to that offered by the Defendant at the detention hearing. Defendant seeks to introduce testimony from his pastor, family, friends and acquaintances concerning his ties to the community, his opposition to drugs and his employment history. The Government objects that this is not information that was unknown to the Defendant at the time of the Detention Hearing.

■ After considering argument of counsel and reviewing applicable authority, the undersigned concludes that because the proffered testimony does not concern information unknown to Defendant at the time of the Detention Hearing it does not meet the requirements of § 3142(f) to reopen the issue of pretrial detention.

This case closely resembles *United States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991), where after new counsel entered the case he also sought to reopen a detention hearing under § 3142(f). In *Dillon* counsel offered 18 affidavits from people who knew the Defendant, "including statements from appellant's father, a police officer, persons who had employed appellant as a painter and friends of appellant and his family." *Id.* at 1415. The court rejected the contention that this information was unknown to appellant at the time of the detention hearing and denied the motion.

■ Here, Defendant offers information of the same character as that offered in *Dillon*. This is not information that was unknown to Defendant at the time of his detention hearing. However, Defendant contends that at the time of the detention hearing he did not know that his friends and associates would be willing to testify on his behalf. This is not sufficient. The test is whether the *information* was unknown at the time of the hearing, not whether a witness' *willingness to testify* was unknown to the movant. The proffered information about Defendant's background, ties to the community and employment history were all known at the time of the September 24, 2002 hearing. Accordingly, it does not provide a basis for reopening the detention determination.

■ Defendant contends that Agent Ward's testimony at the detention hearing as to his alleged drug involvement was an unexpected issue he could neither have anticipated nor been prepared to counter at that time. Agent Ward's reference to Defendant's drug involvement was a small part of her testimony. It was clearly based on hearsay and was not a factor in the undersigned's detention decision. Nevertheless, Defendant had family and friends present in the courtroom who could have addressed this issue. Furthermore, Defendant could have requested a continuance of the detention hearing in order to address this specific issue. He did not do so.

Finally, the undersigned concludes that while the proffered evidence might be relevant to Defendant's risk of flight, it would not counter the statutory presumption that Defendant would be a threat to the community if released. For these reasons, the

Motion for Hearing on the Issue of Detention is hereby **DENIED.**