**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ROCKY LEE KIRBY,

     Defendant-Appellant.

No. 05-6095

(D.C. No. CR-04-60-M)
(W. D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

---

Rocky Lee Kirby pled guilty to one count of being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 180 months

imprisonment. On appeal, Kirby challenges the application of the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to his sentence. Exercising jurisdiction

pursuant to 28 U.S.C. § 1291, we affirm.

I. Background

On December 23, 2003, Kirby and his friend, Teddy Brown, were passengers

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and
judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

in a vehicle driven by Felicha Moitner. When a police officer stopped the vehicle for an expired tag, Moitner panicked and passed her handgun over to Kirby, who concealed it on his person. During the stop, the officer found marijuana and other paraphernalia in the car. As a result, the officer arrested the three individuals and transported them to jail. While Kirby was being booked, a jailer noticed a red cloth sticking out of the waistband of his jeans. The red cloth turned out to be a glove containing a loaded .25 caliber semi-automatic pistol.

A federal grand jury returned an indictment charging Kirby with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), which carried a statutory maximum sentence of ten years pursuant to 18 U.S.C. § 924(c). Subsequently, the government announced that it would seek a sentence enhancement under the ACCA based on Kirby's prior convictions. The presentence report ("PSR") recommended an offense level of 34 and a criminal history category of VI, for a guideline range of 262 to 327 months. At the sentencing hearing, the district court rejected Kirby's contention that the ACCA enhancement did not apply. The district court, however, granted Kirby a two-level adjustment for acceptance of responsibility, resulting in a guideline range of 210 to 262 months. After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court determined that a sentence below the advisory guideline range was warranted, and sentenced Kirby to 180 months, the minimum term under the ACCA.

## II. Discussion

Kirby's challenge to his sentence enhancement under the ACCA "is a legal issue subject to de novo review." United States v. Moudy, 132 F.3d 618, 619 (1998) (citing United States v. Barney, 955 F.2d 635, 638 (10th Cir. 1992)).

The ACCA "mandates a minimum 15-year prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies." Shepard v. United States, 125 S. Ct. 1254, 1257 (2005). The PSR relied on five prior felony convictions to support application of the ACCA to Kirby's sentence: three convictions for second-degree burglaries of buildings; one conviction for escape; and one conviction for possession of marijuana with intent to distribute. While Kirby concedes that his prior conviction for possession of marijuana with intent to distribute is a "serious drug offense" as defined in § 924(e)(2)(A), he asserts that the characterization of his prior convictions for burglary and escape as "violent felon[ies]" under § 924(e)(2)(B) is improper. Specifically, Kirby maintains that the three burglaries "were factually non-violent burglaries of closed business establishments." In addition, Kirby claims that his escape conviction did not involve violence, as he was convicted "for failing to return to the halfway house where he had been placed."

The term "violent felony" includes:

any crime punishable by imprisonment for a term exceeding one year . . . that–(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is *burglary*, arson, or extortion, involves use of explosives, *or*

3

*otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

It is well established that under the ACCA, we utilize a formal categorical approach, looking "only to the fact of conviction and the statutory definition of the prior offense." Taylor v. United States, 495 U.S. 575, 602 (1990); see United States v. Reyes-Castro, 13 F.3d 377, 379 (10th Cir. 1993); United States v. King, 979 F.2d 801, 802 (10th Cir. 1992). For purposes of § 924(e), we "do not inquire into the particular factual circumstances surrounding the past offenses." King, 979 F.2d at 802.

In Taylor, the Supreme Court specifically addressed the categorical approach for the predicate offense of "burglary," and found that the language and legislative history of § 924(e), as well as the practical difficulties inherent in relying upon the factual background of a prior conviction, did not support a factual approach to interpreting the enhancement statute. 495 U.S. at 600-01. Relevant to Kirby's appeal, the Supreme Court stated that § 924(e)'s legislative history

> indicate[d] that Congress singled out burglary for inclusion as a predicate offense . . . because of its inherent potential for harm to persons. Congress apparently thought that all burglaries serious enough to be punishable by imprisonment for more than a year constituted a category of crimes that shared this potential for violence and that were likely to be committed by career criminals.

4

There never was any proposal to limit the predicate offense to some special subclass of burglaries that might be especially dangerous, such as those where the offender is armed, or the building is occupied, or the crime occurs at night.

Id. at 588. The Supreme Court went on to hold that an offense constitutes "burglary" for purposes of § 924(e) . . . , if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." Id. at 602; see also Shepard, 125 S.Ct. at 1257 (holding that to determine whether a guilty plea to burglary under a nongeneric statute necessarily admitted the elements of generic burglary, a sentencing court is limited "to examining the statutory definition, charging document, written plea agreement, transcript of plea coloquy, and any explicit factual finding by the trial judge to which the defendant assented").[1]

Likewise, this court has held that, regardless of the underlying facts, an "escape" is a "violent felony" under the ACCA. In United States v. Gosling, we stated that "every escape scenario is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but

---

[1] We are not asked to determine whether Kirby's prior convictions for burglary satisfy the "generic" definition of burglary. Kirby's brief states that while Oklahoma's statute defining second-degree burglary is a "non-generic" statute as discussed in Taylor, the government provided the charging documents for his burglary convictions, which eliminated any "non-generic" burglary issue for appeal. Aplt. Br. at 9 n.1.

5

which always has the serious potential to do so." 39 F.3d 1140, 1142-43 (10th Cir. 1994). We took this rationale one step further in United States v. Moudy:

> The reasons we articulated in Gosling for holding escape to be a crime of violence apply to all escapes, whether or not violence was actually involved. Thus, an escape always constitutes "conduct that presents a serious potential risk of physical injury to another," for purposes of the [Armed Career Criminal] Act as well as for the career offender provisions of the sentencing guidelines.

132 F.3d at 620.

Kirby asks us to hold that § 924(e) does not preclude a fact-specific inquiry to determine whether his prior convictions qualify as "violent" felonies. This position, however, is not supported by either Supreme Court precedent, or the prior decisions of this court. Although Kirby's prior convictions for burglary and escape may not have involved violence, our "categorical" inquiry is limited to whether a defendant commits a crime which possesses the potential for violence.

Lastly, Kirby mentions, without further analysis, that to deny the sentencing court the ability to make a factual assessment into the underlying crime violates his Fifth Amendment due process rights and subjects him to cruel and unusual punishment under the Eighth Amendment. We fail to see how the district court's inability to consider the lack of violent circumstances surrounding Kirby's prior convictions implicated due process concerns or resulted in a sentence that was disproportionate to Kirby's crime. Kirby had ample

6

opportunity to challenge the characterization of his previous convictions in his written objections to the PSR and at his sentencing hearing. Additionally, we note that the district court thoroughly considered the sentencing factors enumerated in § 3553(a) and sentenced Kirby below the recommended guideline range. In particular, the district court commented that fifteen years "certainly is sufficient to reflect the seriousness of the defendant's offense, to promote respect for the law, to deter further criminal conduct, and to protect the public from Mr. Kirby." Vol. II at 7.

Accordingly, Kirby's sentence is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

7