FILED
United States Court of Appeals
Tenth Circuit

July 10, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHAWN DEWIGHT WARTSON,

    Defendant - Appellant.

No. 18-7033
(D.C. Nos. 6:15-CV-00460-JHP and
6:12-CR-00072-JHP-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.[**]
_____

Shawn Dewight Wartson appeals the district court's denial of his 28 U.S.C.

§ 2255 petition. He claims that the district court erred by treating his Oklahoma

felony conviction for conspiracy to shoot with intent to kill as a violent felony under

the elements clause of the Armed Career Criminal Act (ACCA), 18 U.S.C.

§ 924(e)(2)(B)(i). We agree with Mr. Wartson. Exercising jurisdiction under 28

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

U.S.C. §§ 1291 and 2253(a), we vacate his sentence and remand for an expedited resentencing hearing.[1]

## BACKGROUND

In 2012, Mr. Wartson pleaded guilty to the federal charge of felon in possession of a firearm. At sentencing, with no objection from Mr. Wartson, the district court adopted the probation officer's recommendations contained in the presentence investigation report (PSR). As a result, the court sentenced Mr. Wartson to a statutory mandatory-minimum 15 years' imprisonment, followed by five years of supervised release.

The ACCA requires this enhanced sentence for defendants with at least three previous convictions for violent felonies or serious drug offenses or both. *See* 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

*Id.* at § 924(e)(2)(B). Here, the PSR concluded that Mr. Wartson's three Oklahoma felony convictions are violent felonies under the ACCA. They include (1) a 2010 conviction for assault and battery with a dangerous weapon; (2) a 2010 conviction for

---

[1] Mr. Wartson has already served more prison time than called for under the top of his non-ACCA advisory guideline range.

conspiracy to shoot with intent to kill; and (3) a 2011 conviction for second-degree burglary. This appeal concerns Mr. Wartson's 2010 conspiracy conviction.

In 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court invalidated the ACCA's residual clause under the Fifth Amendment. *Id.* at 2556–63 (holding that the residual clause's language—"otherwise involves conduct that presents a serious potential risk of physical injury to another"—is void for vagueness).

Soon after *Johnson*, Mr. Wartson filed a pro se 28 U.S.C. § 2255 petition to vacate his sentence. As grounds, he claimed that his 2010 Oklahoma felony conviction for conspiracy to shoot with intent to kill no longer qualified as a violent felony. According to Mr. Wartson, this meant that he no longer qualified for an ACCA-enhanced sentence.

The district court denied Mr. Wartson's petition. The court ruled that Mr. Wartson's Oklahoma conviction for conspiracy to shoot with intent to kill qualified as a violent felony under the ACCA's elements clause,[2] "because shooting with intent to kill obviously involves the use of physical force against another human being." *See* R. Vol. I at 92–93 (internal quotation marks omitted). So the court denied Mr. Wartson's petition and denied a certificate of appealabilty (COA).

---

[2] Both parties agree that Mr. Wartson's conspiracy conviction does not qualify as a violent felony under the enumerated-offenses clause contained in § 924(e)(2)(B)(ii).

3

We granted Mr. Wartson a COA. We also ordered that Mr. Wartson be appointed counsel, and we directed the parties to brief a single issue: "On what basis is Wartson's earlier Oklahoma felony conviction for conspiracy to shoot with intent to kill a violent felony under 18 U.S.C. §924(e)(2)(B)(1)'s elements clause?"

## ANALYSIS

We review de novo a district court's decision whether a conviction qualifies as a violent felony under the ACCA. *United States v. Degeare*, 884 F.3d 1241, 1245 (10th Cir. 2018); *see also United States v. Snyder*, 871 F.3d 1122, 1125 (10th Cir. 2017) ("On appeal from the denial of a § 2255 motion, ordinarily we review the district court's findings of fact for clear error and its conclusions of law de novo.") (internal quotation marks omitted). For the government to prevail, Mr. Wartson's conspiracy conviction must qualify under § 924(e)(2)(B)'s elements clause, which requires that the conspiracy conviction "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

In concluding that Mr. Wartson's conviction for conspiracy to shoot with intent to kill met this condition, the district court relied on *United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014) *abrogated on other grounds by Mathis v. United States*, 136 S. Ct. 2243 (2016). But in our COA order, we noted that *Trent* answered a different question: whether a state-drug-conspiracy conviction qualified as a "serious drug offense" under § 924(e)(2)(A)(ii). And we further noted that the ACCA's serious-drug-offense definition is considerably broader than its definition of violent

4

felony, capturing state drug felonies "*involving* manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance[.]" 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added). The violent-felony definition has no absorbent word like "involving."

Even so, the government still clings to *Trent*, arguing that *Trent*'s logic and reasoning apply equally in the violent-felony context. Ignoring that the violent-felony definition lacks the extension that the word "involving" provides, the government's brief simply declares that "[u]nder the categorical approach, Defendant's prior conviction *involves* the use or threatened use of physical force." Appellee's Resp. Br. at 8 (emphasis added). This neglects the statutory command that the predicate crime must "*ha[ve] as an element* the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(e)(2)(B)(i). And later, along the same line, the government simply asserts that the plain language of Mr. Wartson's statutes of conviction establish a violent felony "because Shooting With Intent to Kill obviously *involves and contemplates* the use of physical force against another human being."[3] Appellee's Resp. Br. at 13 (emphasis added). We reject the government's attempted redraft of Congress's language.

---

[3] We agree that a conviction for the Oklahoma felony of shooting with intent to kill has as an element the use, attempted use, or threatened use of physical force. *See United States v. Byers*, 739 Fed. App'x 925, 929 (10th Cir. 2018) ("The crime of shooting with the intent to kill . . . clearly has as an element the use of violent force, capable of causing physical pain or injury to another person."). But Mr. Wartson wasn't convicted of the substantive crime. Instead, he was convicted of conspiring to commit this crime.

Mr. Wartson redirects us to the real issue in the case—whether his conspiracy-to-shoot-with-intent-to-kill conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" 18 U.S.C. §924(e)(2)(B)(i). As noted above, the government cannot meet this statutory requirement by substituting "involving" or "contemplating" for "has as an element." The proper analysis is whether Mr. Wartson's conviction for conspiracy with intent to kill has the required element.

We employ the modified-categorical approach to discern the elements of the crime that Mr. Wartson conspired with others to commit, *i.e.*, shooting with intent to kill. *Trent*, 767 F.3d at 1061–61. Once the elements are established, we apply the categorical approach to determine if the elements categorically match the ACCA's definition of a violent felony. *See United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir. 2017) ("Once the relevant elements are identified, the court applies the categorical approach."). Importantly, we "consider only the statutory definition, not the underlying facts of conviction," *United States v. Ontiveros*, 875 F.3d 533, 535 (10th Cir. 2017). In addition, we "presume that the conviction rested upon nothing more than the least of the act criminalized, and then determine whether even those acts are encompassed by the [statutory definition]." *Moncreiffe v. Holder*, 569 U.S. 184, 190–91 (2013) (brackets and internal quotation marks omitted). In other words, the ACCA functions as an "on-off switch," *i.e.*, a crime qualifies "as a predicate offense in all cases or in none." *Descamps v. United States*, 570 U.S. 254, 268 (2013).

6

We now turn to the elements of the crime of conviction at issue: conspiracy to shoot with intent to kill. The elements of Oklahoma's conspiracy statute are:

First, an agreement by two or more persons,

Second, to commit [the Crime or Conduct Charged],

Third, the defendant(s) (was/were [a] party(ies) to the agreement at the time it was made)/(knowingly became [a] party(ies) to the agreement at some time after it was made),

Fourth, an overt act by one or more of the parties performed subsequent to the formation of the agreement.

Appellee's Resp. Br. at 11-12 (citing Okla. Unif. Jury Instr. CR 2-17). In turn, the Oklahoma Uniform Jury Instructions require that the conspirators agree to violate each element of the underlying crime. Okla. Unif. Jury Instr. CR 2-10. Accordingly, we apply the modified-categorical approach to discern which elements formed the object of the conspiracy, *i.e.*, shooting with intent to kill. *Trent*, 767 F.3d at 1061–61. In 2010, the elements of Oklahoma shooting with intent to kill were (1) intentionally and wrongfully (2) shooting another person with or discharging any kind of firearm (3) with the intent to kill any person, including an unborn child. Okla. Stat. tit. 21, § 652(A) (2010).

These elements show that Mr. Wartson could have been convicted of Oklahoma's crime of conspiracy to shoot with intent to kill without ever using physical force against another person. Defendants can conspire to shoot with intent to kill and later lose their nerve or even come to their senses before shooting anyone or discharging a firearm. Thus, the statute at issue does not categorically have as an

7

element the actual use of force. *See United States v. Deiter*, 890 F.3d 1203, 1214 (10th Cir. 2018) (recognizing that we have generally held that conspiracy and attempt crimes are not violent felonies under the ACCA).

The government contends that Oklahoma's requirement that it prove an overt act satisfies the need to prove that the crime has as an element the use of physical force.[4] But not all qualifying overt acts would categorically require a jury to find beyond a reasonable doubt that a defendant used physical force. *See* Okla. Unif. Jury Instr. CR 2-18 (defining "overt act" as "any act" which "is done for the purpose of furthering or carrying out the ultimate intent of the agreement"). Accordingly, as a categorical matter, the overt-act requirement does not elevate the crime to one that has as an element the use of physical force against another person.

Finally, Mr. Wartson's conspiracy conviction does not have as an element the threatened use of force. We have recognized that whether forming an agreement to commit a violent felony constitutes "threatened use of force" under the ACCA poses a "more problematic" question. *United States v. King*, 979 F.2d 801, 803 (10th Cir. 1992). "Read broadly, the formed intent of the conspirators does constitute an inchoate 'threat' to both the impending target of the contemplated felony and to society as a whole." *Id.* But as we held in *King*, the term "threatened use of force" as

---

[4] The government argues that Mr. Wartson's 2010 conspiracy conviction "involves the use or threatened use of force." Appellee's Br. at 8. The government does not argue that Mr. Wartson's conviction has as an element the *attempted* use of force. Thus, we do not consider whether Oklahoma conspiracy to shoot with intent to kill has as an element the attempted use of force.

used in the ACCA "means both an intent to use force and a communication of that intent." *Id.* (citing Black's Law Dictionary 1480 (6th ed. 1990), which defines "threat" as "[a] communicated intent to inflict physical or other harm on any person or on property").

Here, the Oklahoma conspiracy statute requires an agreement and an overt act. And as we held in *King*, an agreement alone is insufficient to qualify as the "threatened use of force." *Id.* (concluding that simply agreeing to violate a criminal statute that has as an element the use of force does not qualify as threatened use of force under 18 U.S.C. §924(e)(2)(B)(i)). Unlike the New Mexico conspiracy statute at issue in *King*, however, the Oklahoma conspiracy statute at issue here requires an overt act. *See Wright v. State*, 535 P.2d 315, 319–20 (Okla. Crim. App. 1975). But our result is the same. As noted above, in Oklahoma an "overt act" can be "any act" done in furtherance of the conspiracy. For example, the Oklahoma Court of Criminal Appeals has held that an "overt act" includes merely traveling to meet a coconspirator to discuss the details of the conspiracy. *Blaylock v. State*, 598 P.2d 251, 253 (Okla. Crim. App. 1979). Thus, proof of an overt act under Oklahoma law does not categorically require proof of *King*'s requisite intent to use force and communication of the threat. *See id.*; *King*, 979 F.2d at 803. Thus, Mr. Wartson's conviction for conspiracy to shoot with intent to kill does not categorically have as an element the threatened use of force.[5]

---

[5] On this point, we note the government's position in a case that the Supreme Court recently decided, *United States v. Davis*, No. 18-431, ___ S. Ct. ___, 2019 WL

9

**CONCLUSION**

For the above reasons, we hold that Mr. Wartson's 2010 Oklahoma felony conviction for conspiracy to shoot with intent to kill does not qualify as a violent felony under the elements clause contained in 18 U.S.C. §924(e)(2)(B)(i). That means he does not have the required three predicate violent-felony convictions to sustain his ACCA sentence, so we vacate his sentence and remand to the district court for an expedited resentencing hearing.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

2570623 (Jun. 24, 2019). There the Court held that 18 U.S.C. § 924(c)(3)(B)'s residual clause was unconstitutionally vague. *Id.* at *13. Relevant here, the Court had no occasion to address § 924(c)(3)(A)'s elements clause, because the government had conceded below that the defendant's conspiracy to commit a violation of the Hobbs Act, 18 U.S.C. §1951, would not "necessarily require proof that a defendant used, attempted to use, or threatened to use force." *United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018). Notably, the government took this position despite the Fifth Circuit's earlier ruling that the substantive crime underlying the conspiracy—Hobbs Act robbery—qualifies as a violent felony under § 924(c)(3)(A)'s elements clause. *Id.* at 484–85.