**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 18, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TODD HAROLD COOPER,

    Defendant - Appellant.

No. 23-4052

_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. Nos. 1:16-CV-00088-JNP &**
**1:00-CR-00051-TC-1)**
_____

Jacob B. McMahon (Adam Mueller with him on the briefs), of Haddon, Morgan and Foreman, P.C., Denver, Colorado, for Defendant – Appellant.

Todd Harold Cooper, pro se, filed briefs on his own behalf.

Nathan H. Jack, Assistant United States Attorney (Trina A, Higgins, United States Attorney, with him on the brief), Salt Lake City, Utah, for Plaintiff – Appellee.
_____

Before **HOLMES**, Chief Judge, **EBEL**, and **BACHARACH**, Circuit Judges.
_____

**EBEL**, Circuit Judge.
_____

Todd Harold Cooper appeals the district court's decision to deny his second or successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct his life sentence. Exercising jurisdiction under 28 U.S.C. §§ 1291, 2253, and 2255(d), we AFFIRM.

## I. BACKGROUND

In 2003, a jury convicted Cooper of armed bank robbery in violation of 18 U.S.C. § 2113. At sentencing, the government sought a life sentence under 18 U.S.C. § 3559(c), the three strikes provision. Relevant here, § 3559(c) mandates a life sentence if the defendant "is convicted in a court of the United States of a serious violent felony" and has two or more prior federal or state convictions for "serious violent felonies." 18 U.S.C. § 3559(c)(1)(A)(i).

Section 3559(c)(2)(F) sets forth three categories of offenses that count as a "serious violent felony." First, in its "enumerated clause," § 3559(c)(2)(F) lists a series of offenses that qualify. Id. § 3559(c)(2)(F)(i). Second, the "elements clause" (also called the "force" clause) includes any offense "punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 3559(c)(2)(F)(ii). Third, the "residual clause" includes any offense "punishable by a maximum term of imprisonment of 10 years or more . . . that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense." Id.

No one disputes that Cooper's underlying conviction in this case—his 2003 armed bank robbery conviction—qualifies as a "serious violent felony." Prior to

2

Cooper's 2003 sentencing for that conviction, the government filed a notice listing five of Cooper's prior convictions that the government asserted also qualified as "serious violent felonies" under § 3559(c)(2)(F). The district court concluded that Cooper had three strikes and imposed a life sentence under § 3559(c). In doing so, however, the district court did not identify which of Cooper's five prior convictions it relied upon or which of § 3559(c)(2)(F)'s three categories of "serious violent felonies" his prior convictions triggered.

This court upheld Cooper's conviction and life sentence on direct appeal. United States v. Cooper, 375 F.3d 1041 (10th Cir. 2004), cert. denied, 543 U.S. 1011 (2004).[1] Subsequently, Cooper unsuccessfully sought collateral relief under 28 U.S.C. § 2255. United States v. Cooper, 212 Fed. App'x 743, 746 (10th Cir. 2007) (unpublished), cert. denied, 552 U.S. 930 (2007).

In 2020, we authorized Cooper to file the second or successive § 2255 motion underlying this appeal. In re: Cooper, No. 16-4115 (10th Cir. July 14, 2020). See 28 U.S.C. § 2255(h). In this § 2255 proceeding, Cooper challenges his life sentence, alleging that § 3559(c)(2)(F)(ii)'s residual clause is unconstitutionally vague and the district court relied upon that unconstitutional residual clause to impose his life sentence. The district court denied relief, but granted Cooper a certificate of appealability ("COA") to appeal, see 28 U.S.C. § 2253(c)(1)(B). See Cooper v.

---

[1] The jury also convicted Cooper of using a firearm while committing a crime of violence and the district court sentenced him to seven years in prison for that conviction, to run consecutive to the life sentence he is challenging in this § 2255 proceeding. Cooper, 375 F.3d at 1044.

3

United States, No. 1:16-cv-00088-JNP, at 2 (D. Utah June 2, 2023).  We appointed counsel to represent Cooper on appeal and the case was fully briefed and argued before this panel.

Because the district court did not conduct an evidentiary hearing, we review de novo the district court's decision to deny Cooper § 2255 relief.  See United States v. Copeland, 921 F.3d 1233, 1242 (10th Cir. 2019).

## II. DISCUSSION

Relevant here, Cooper's second or successive § 2255 collateral attack must be based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2); see Copeland, 921 F.3d at 1238–39.

Cooper contends that his current § 2255 motion is based on a new rule of constitutional law because, although the Supreme Court has never addressed the constitutionality of § 3559(c)(2)(F)(ii)'s residual clause, the Court has held that similarly worded residual clauses in other federal statutes are unconstitutionally vague.  See Johnson v. United States, 576 U.S. 591, 593–02 (2015) (holding 18 U.S.C. § 924(e)(2)(B)'s residual clause is unconstitutionally vague); see also United States v. Davis, 588 U.S. 445, 447–48 (2019) (reaching same conclusion as to 18

U.S.C. § 924(c)(3)(B)'s residual clause); Sessions v. Dimaya, 584 U.S. 148, 152–53 (2018) (same, as to 18 U.S.C. § 16(b)'s residual clause).[2]

We need not decide whether Johnson and the other Supreme Court cases are sufficient to permit Cooper to challenge § 3559(c)(2)(F)(ii)'s residual clause under § 2255(h)(2) because Cooper has failed to establish, in any event, that the district court actually relied on § 3559(c)(2)(F)(ii)'s residual clause to sentence Cooper to life in prison. See United States v. Washington, 890 F.3d 891, 895 (10th Cir. 2018) ("The only question is whether Defendant's claim relies on Johnson—that is, whether the district court enhanced Defendant's sentence by relying on the . . . residual clause to do so.").

Critical to our decision here affirming the denial of § 2255 relief, Cooper, as "[t]he § 2255 movant bears the burden of proving by a preponderance of the evidence that 'it was use of the residual clause that led to the sentencing court's enhancement of his sentence.'" Copeland, 921 F.3d at 1242 (quoting United States v. Driscoll, 892 F.3d 1127, 1135 (10th Cir. 2018), and citing Washington, 890 F.3d at 895). Therefore, Cooper must establish that it is more likely than not that, "as a matter of historical fact, . . . the sentencing court relied on the residual clause" when applying

---

[2] As to § 2255(h)(2)'s further requirements, the Supreme Court held that Johnson's new substantive rule applies retroactively on collateral review. See Welch v. United States, 578 U.S. 120, 129–30 (2016). Based on Welch, this court has concluded Davis also applies retroactively to cases on collateral review. See In re Mullins, 942 F.3d 975, 978 (10th Cir. 2019). Further, the rule of constitutional law first recognized in Johnson was previously unavailable to Cooper at his sentencing in 2003 and when he made his first § 2255 motion in 2005, because the Supreme Court did not decide Johnson until 2015.

the three strikes law to Cooper. United States v. Lewis, 904 F.3d 867, 872 (10th Cir. 2018) (emphasis in original) (further quotation omitted). Cooper has not met his burden in this case.

There are several ways that Cooper might have met his burden. See Copeland, 921 F.3d at 1242. First, he could rely on the sentencing record. See id. But here, the sentencing record is silent, both as to which of Cooper's prior convictions the sentencing court relied upon and whether the court applied the residual clause to deem any of those prior convictions to be "serious violent felonies."

We instead consider the second way Cooper could meet his burden, by looking to "the relevant background legal environment at the time of sentencing"—here, 2003—"to determine whether the district court would have needed to rely on the residual clause." Id. (quoting Driscoll, 892 F.3d at 1132) (internal quotation marks omitted). For instance, if binding precedent at the time of sentencing precluded use of the enumerated and elements clauses for a particular conviction, then a reviewing court can conclude that the sentencing court must have relied on the residual clause when counting that conviction. See Driscoll, 892 F.3d at 1135. Conversely, if, "given the relevant background legal environment that existed at the time of [the defendant's] sentencing, there would have been no need for reliance on the residual clause," then the defendant has not shown it is more likely than not the sentencing court relied on the residual clause. Id. at 1134–35 (quoting United States v. Snyder, 871 F.3d 1122, 1130 (10th Cir. 2017)); see also United States v. Hernandez, 743 Fed. App'x 156, 159 (10th Cir. 2018) (unpublished) (finding no error because defendant

6

had "not shown the controlling law when he was sentenced would have required the court to rely on the residual clause"); United States v. Barela, 768 Fed. App'x 821, 823–24 (10th Cir. 2019) (unpublished) (explaining that the defendant must "demonstrate that, at the time he was sentenced, controlling law did not permit the district court to apply the elements clause or enumerated-offense clause").[3]  "[T]he relevant background legal environment is, so to speak, a 'snapshot' of what the controlling law was at the time of sentencing and does not take into account post-sentencing decisions that may have clarified or corrected pre-sentencing decisions." Snyder, 871 F.3d at 1129.

We look, then, to the legal background at the time of Cooper's sentencing, in 2003, to determine whether the sentencing court would have had to rely upon the residual clause to impose a life sentence.  We conclude the court would not have had to rely on the residual clause.

Relevant here, § 3559(c) mandates a life sentence if Cooper was "convicted in a court of the United States of a serious violent felony" and has two or more prior federal or state convictions for "serious violent felonies."  18 U.S.C. § 3559(c)(1)(A)(i).  No one disputes that, in this case. Cooper was convicted in the District of Utah of a serious violent felony—armed bank robbery in violation of 18 U.S.C. § 2113.  That counts as the first strike.

---

[3] We cite all unpublished decisions only for their persuasive value.  See 10th Cir. R. 32.1(A).

Prior to sentencing for that offense, the government noticed five of Cooper's prior convictions that the government contended also qualified as "serious violent felonies":

1) a 1981 California robbery conviction,
2) a 1982 Oregon burglary conviction,
3) a second 1982 Oregon burglary conviction,
4) two 1988 federal bank robbery convictions occurring in Washington (which are counted together as one prior conviction), and
5) a 1990 Oregon robbery conviction.

The parties agree that Cooper's 1988 Washington federal bank robbery convictions, which count as one prior conviction, qualify as a serious violent felony. That is the second strike.

The government concedes that Cooper's 1990 Oregon robbery conviction does not qualify as a prior "serious violent felony" because Cooper committed that offense before he committed the 1988 bank robberies. See 18 U.S.C. § 3559(c)(1)(B) (requiring that each qualifying conviction be committed after the preceding qualifying conviction). Based on that, we do not consider the 1990 Oregon robbery conviction. Further, it is undisputed that Cooper's two 1982 Oregon burglaries qualify as a strike only under the residual clause.[4]

---

[4] Cooper contends that this fact, alone meets his burden; that is, he contends that he only needs to establish that the sentencing court relied on the residual clause to count any of his five prior convictions at issue at sentencing as a "serious violent felony." We reject that argument. It is, instead, Cooper's burden to prove, "by a preponderance of the evidence that 'it was use of the residual clause that led to the sentencing court's enhancement of his sentence.'" Copeland, 921 F.3d at 1242 (quoting Driscoll, 892 F.3d at 1135). That requires us to consider, next, whether the sentencing court needed to rely on the residual clause to count Cooper's remaining prior conviction as a serious violent felony.

8

That leaves only Cooper's 1981 California robbery conviction. The government does not argue that that conviction could qualify as a strike under § 3559(c)(2)(F)(ii)'s elements clause. Thus, the dispositive question is whether, at the time of sentencing in 2003, the California robbery qualified as a strike under § 3559(c)(2)(F)(i)'s enumerated clause.

Relevant here, the enumerated clause includes "a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery (as described in section 2111, 2113, or 2118)." 18 U.S.C. § 3559(c)(2)(F)(i). Those specifically enumerated sections refer to: robbery within special maritime and territorial jurisdiction of the United States (section 2111), bank robbery (section 2113), and robberies involving controlled substances (section 2118). Section 3559(c)(3)(A) also provides an exception in certain cases where dangerous weapons were not involved and no death or serious bodily injury resulted from the robbery (the "nonqualifying clause").[5]

---

[5] The nonqualifying clause provides:

> Robbery . . . or an offense described in [the elements or residual clauses] shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that—
>
> (i)     [n]o firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and
>
> (ii)    [t]he offense did not result in death or serious bodily injury (as defined in section 1365) to any person.

18 U.S.C. § 3559(c)(3)(A).

9

For his 1981 California robbery, Cooper was convicted under California Penal Code § 211, which provides: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." See also Cal. Penal Code § 212 (defining "fear" to include fear of property damage).

Whether Cooper's conviction under CPC § 211 would have qualified as a strike under the enumerated clause at the time of his 2003 sentencing turns on whether the sentencing court would have applied the "categorical approach" or the circumstance-specific approach to this question. Under the "categorical approach"—which was first established by the Supreme Court in Taylor v. United States, 495 U.S. 575, 602 (1990)—a court "do[es] not inquire into the particular factual circumstances surrounding" the conviction to determine whether it qualifies as a robbery under § 3559(c)(2)(F)(i). United States v. King, 979 F.2d 801, 802 (10th Cir. 1992). Rather, it looks "only to the fact of conviction and the statutory definition of the prior offense." Id. (quoting Taylor, 495 U.S. at 602). On the other hand, if the court applies a circumstance-specific approach, then it is free to look at the specific facts and conduct that led to the conviction in order to determine whether the conviction qualifies. United States v. Leaverton, 895 F.3d 1251, 1253 (10th Cir. 2018).

The government does not dispute that, if the categorical approach applied at the time of Cooper's sentencing in 2003, then his California robbery conviction would not have qualified as a strike under the enumerated clause: CPC § 211 covers

10

the taking of personal property that involves threats only to <u>property</u>, even if there are no threats to people. "Because the federal robbery statutes, at a minimum, require actions that 'would put an ordinary, reasonable person in fear of <u>bodily</u> harm,' CPC § 211 is not a categorical match because it punishes conduct that is outside the reach of §§ 2111, 2113, or 2118." <u>United States v. Minjarez</u>, 374 F. Supp. 3d 977, 989 (E.D. Cal. 2019) (quoting <u>United States v. Selfa</u>, 918 F.2d 749, 751 (9th Cir. 1990)).

At the same time, Cooper does not dispute the district court's conclusion that, if the circumstance-specific approach applied at the time of sentencing, his California robbery conviction would have qualified as a strike under the enumerated clause. The relevant details of his California robbery conviction are as follows: That conviction

> stems from an incident in Santa Cruz, California in October 1981. Cooper and a co-defendant broke into a home. The resident returned during the course of the crime. Cooper and his partner tied the resident up and Cooper threatened the resident with a hunting knife. While Cooper expressed a desire to kill the resident, his partner talked him out of it. The pair left with $6,500 from the home. Cooper was convicted under California Penal Code § 211 and received a three-year prison term.

(I R. 391 (district court's order).) Thus, the facts show that Cooper's offense qualified as a robbery as enumerated in § 3559(c)(2)(F)(i) because Cooper put a person in fear of bodily harm (threatening with a knife), and his use of a dangerous weapon precludes application of the nonqualifying clause in 18 U.S.C. § 3559(c)(3)(A). Therefore, the question is whether the categorical approach or

11

circumstance-specific approach was the proper method for a sentencing court at the time of Cooper's sentencing in 2003.

Though the law appears somewhat unsettled at that time, we conclude it would have been permissible for the sentencing court to apply the circumstance-specific approach and conclude Cooper's California robbery conviction qualified as a "serious violent felony" under the enumerated clause. It was not until 2018 that we expressly stated for the first time that the categorical approach applies under § 3559(c). Leaverton, 895 F.3d at 1253 ("Both parties state the categorical approach applies under § 3559(c), although our court has not expressly considered the question. We agree."). But, as Leaverton itself indicates, prior to that holding there was no settled precedent in this circuit about which approach was proper in this situation, which suggests that Cooper's sentencing court, in 2003, would have considered the circumstance-specific approach permissible.

This conclusion is supported by our cases decided around the time of Cooper's sentencing in 2003. First, in United States v. Mackovich, we held that the nonqualifying clause, 18 U.S.C. § 3559(c)(3)(A), requires a circumstance-specific approach, rather than a categorical approach because "the plain language" of the nonqualifying clause "unmistakably requires courts to look at the specific facts underlying the prior offense." 209 F.3d 1227, 1240 (10th Cir. 2000). While Mackovich addressed only whether the nonqualifying clause requires the circumstance-specific approach, not whether an initial determination of qualification under the enumerated clause does, the case employed broad language that would have

12

supported a court in 2003 concluding that the circumstance-specific approach was appropriate to the initial determination of qualification: "The offense of robbery is 'generally considered a "serious violent felony" for purposes of the Three Strikes statute.'"  Id. at 1238 (quoting United States v. Gottlieb, 140 F.3d 865, 866 (10th Cir. 1998), and citing United States v. Oberle, 136 F.3d 1414, 1423 (10th Cir. 1998)).

Several years later, while considering an unrelated statute, we described Mackovich as holding that "the Taylor categorical approach is inapplicable to a district court's determination of whether an offense qualifies as a 'strike' under the federal 'three-strikes' law."  United States v. Martinez-Candejas, 347 F.3d 853, 859 (10th Cir. 2003).  While Martinez-Candejas was decided after sentencing in this case and, therefore, does not establish the governing law at the time of sentencing, it nonetheless supports our understanding of how courts interpreted Mackovich at that time.[6]

Given this background legal environment, we conclude that Cooper's sentencing court, in 2003, could have permissibly applied the circumstance-specific approach and concluded that his 1981 California robbery conviction qualified as a strike under the enumerated clause of § 3559(c)(2)(F)(i).  Therefore, Cooper has failed to establish that it is more likely than not that his sentencing court, instead,

---

[6] We also recognize that, in Leaverton, we expressly stated that the holding in Mackovich was limited to a sentencing court's determination of whether the nonqualifying clause applied.  Leaverton, 895 F.3d at 1254 n.1.  However, Leaverton came fifteen years after sentencing in this case and does not negate the fact that courts in 2003 could reasonably read Mackovich more broadly, as we did in Martinez-Candejas.

13

relied on the residual clause to count his 1981 California robbery conviction as a "serious violent felony." Cooper has, thus, failed to meet his burden of proving, "by a preponderance of the evidence that 'it was use of the residual clause that led to the sentencing court's enhancement of his sentence.'" Copeland, 921 F.3d at 1242 (quoting Driscoll, 892 F.3d at 1135).

Cooper argues that, in fact, the sentencing court would have used the categorical approach in determining whether his 1981 California robbery conviction qualified as a strike under the enumerated clause and would have concluded it did not qualify. Thus, he argues, the sentencing court must have applied the residual clause to rely on Cooper's 1982 Oregon burglaries instead. In support of this argument, Cooper cites to our decision in United States v. Romero, in which we addressed whether to apply the categorical approach to the elements and residual clauses of § 3559(c). 122 F.3d 1334, 1342–43 (10th Cir. 1997). In that case, we stated:

> In determining whether a conviction constitutes a serious violent felony under section 3559(c), the statute indicates that we follow a two-step process. First, we must examine the statute itself to determine whether the offense contains as an "element the use, attempted use, or threatened use of physical force against the person" or whether the offense "by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense." If either of these tests are met, the burden shifts to the defendant to avoid a "strike" by establishing, under the clear and convincing evidence standard, that his conviction is a nonqualifying offense.

Id. at 1343. Cooper argues this language indicates that the categorical approach applies when determining whether a conviction qualifies as a strike under any of the three clauses in § 3559(c). But the language in Romero expressly addresses only the

14

elements and residual clauses and says nothing about the enumerated clause. And it never actually discusses the categorical approach; it simply uses the statutory language of the other two clauses of § 3559(c).

### III. CONCLUSION

Given the substantial uncertainty in determining whether the sentencing court relied on the residual clause in this case, Cooper has failed to show by a preponderance of the evidence that "it was use of the residual clause that led to the sentencing court's enhancement of his sentence." Copeland, 921 F.3d at 1242 (quoting Driscoll, 892 F.3d at 1135). Therefore, Cooper did not show that his life sentence under § 3559(c) has been invalidated by any new rule of constitutional law related to that residual clause. We AFFIRM the district court's denial of Cooper's second or successive § 2255 motion.